UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NEW ST. JOSEPH MISSIONARY BAPTIST CHURCH ET AL. | CIVIL ACTION |
| VERSUS | No. 24-583 |
| SCOTTSDALE INSURANCE COMPANY ET AL. | SECTION I |

ORDER & REASONS

Before the Court is defendants Scottsdale Insurance Company's, National Casualty Company's, Scottsdale Indemnity Company's, and Scottsdale Surplus Lines Insurance Company's (collectively "defendants") motion[1] to dismiss plaintiffs New St. Joseph Missionary Baptist Church's and St. Joseph Missionary's (collectively "plaintiffs") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs have not filed any opposition to the motion, and the deadline for doing so has passed.[2] For the reasons that follow, the Court grants defendants' motion to dismiss.

## I.    BACKGROUND

This case involves an insurance dispute.[3] Plaintiffs allege that Hurricane Ida caused substantial damage to their property and related structures located at 1100 Odeon Avenue, New Orleans, LA 70114 ("the property").[4] Plaintiffs also allege that, at the time of the damage, the property was covered by a policy issued by defendants

---

[1] R. Doc. No. 12.

[2] The motion was set for submission on July 10, 2024. Therefore, pursuant to Local Rule 7.5, plaintiff's response was due on July 2, 2024.

[3] *See* R. Doc. No. 1-1, at 6–8.

[4] *Id.* at 6.

bearing the policy number CPS7315238 ("the policy").[5] Plaintiffs asserts that

defendants breached the policy by refusing to satisfy their obligation to pay insurance

proceeds despite a proper claim.[6] Plaintiffs also claim that defendants have breached

their duty of good faith and statutory duties to pay claims pursuant to Louisiana

Revised Statutes § 22:1892 and § 22:1973.[7] Lastly, plaintiffs bring a cause of action

for detrimental reliance, pursuant to Article 1967 of the Louisiana Civil Code.[8]

On June 13, 2024, defendants filed the present motion to dismiss pursuant to

Rule 12(b)(6), arguing that the policy is for commercial general liability and that it

does not cover first-party property claims.[9] As mentioned, plaintiffs have not filed

any response.

## II.    STANDARD OF LAW

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of a complaint for

"failure to state a claim upon which relief can be granted." To survive a motion to

dismiss under Rule 12(b)(6), a plaintiff's complaint must meet the requirement in

Rule 8(a)(2), requiring "a short and plain statement of the claim showing that the

pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting

Fed. R. Civ. P. 8(a)(2)). While this short and plain statement does not require

"detailed factual allegations," it "must contain sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face." *Id.* at 678 (internal

---

[5] *Id.*
[6] *Id.* at 7.
[7] *Id.* at 7–8.
[8] *Id.* at 8.
[9] R. Doc. No. 12-8, at 1.

quotations and citations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation and internal quotations omitted).

"[T]he face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the [plaintiff's] claim." *Hi-Tech Elec., Inc v. T&B Constr. & Elec. Servs., Inc.*, No. 15-3034, 2017 WL 615414, at *2 (E.D. La. Feb. 15, 2017) (Vance, J.) (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255–57 (5th Cir. 2009)). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted). The complaint "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (citation and internal quotations omitted).

In considering a motion to dismiss, a court views the complaint "in the light most favorable to [the] plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in [the] plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). A court must limit its review to "the complaint, any documents attached to the complaint, and any documents attached to the motion

to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

### III.   ANALYSIS

As discussed, defendants argue that plaintiffs' policy is for commercial general liability and that it does not cover first-party property damage claims.[10] For purposes of deciding defendants' motion to dismiss, the Court considers the policy as well as plaintiff's complaint because the policy is central to plaintiffs' claim and referenced by the complaint. *See Lone Star Fund*, 594 F.3d at 387.

### a. Breach of Insurance Contract

Pursuant to Louisiana law, "[a]n insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code." *Cadwallader v. Allstate Ins. Co.*, 848 So. 2d 577, 580 (La. 2003). Accordingly, Louisiana contracts are interpreted to determine the "common intent of the parties. La. C.C. 2045. Unless a contract contains words of art or technical terms, "[t]he words of a contract must be given their generally prevailing meaning." La. C.C. 2047.

Here, the policy states that it is for commercial general liability coverage, and it does not include commercial property coverage.[11] Section I(1) of the policy—outlining policy coverages—states that defendants "will pay those sums that

---

[10] R. Doc. No. 12, at 1.
[11] R. Doc. No. 1-1, at 13.

[plaintiffs] become[] legally obligated to pay as damages because of 'bodily injury' or 'property damage.'"[12] Section I(2)(j)—outlining policy exclusions for damage to property—further clarifies that coverage for "[p]roperty [plaintiffs] own, rent, or occupy" is excluded. [13]  This exclusion applies to costs for "repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property."[14]

First-person claims for property damage are plainly not covered by the policy. Instead, the contract exclusively covers property damage claims by third parties against plaintiffs. The contract excludes coverage for property that plaintiffs own,[15] yet plaintiffs' complaint states that they owned the property at all relevant times.[16] Plaintiffs' claim for breach of contract therefore fails to state a claim on which relief can be granted and will be dismissed pursuant to Rule 12(b)(6).

### b. Duty to Pay and Duty of Good Faith

Plaintiffs also assert claims against defendants for violations of the duty of good faith and the statutory duty to pay damage claims pursuant to Louisiana Revised Statutes § 22:1892 and § 22:1973.[17] These claims "rely on the existence of a valid, underlying insurance claim." *Fontenot v. Great Am. Assurance Co.*, No. 23-2062, 2023 WL 6065152, at *4 (E.D. La. Sept. 18, 2023) (Africk, J.) (citing *Gisclair v. Great*

---

[12] *Id.* at 23.
[13] *Id.* at 26.
[14] *Id.*
[15] *See id.* at 26.
[16] *Id.* at 6.
[17] *Id.* at 7–8.

*Am. Assurance Co.*, No. 22-3556, 2023 WL 1765922, at *7 (E.D. La. Feb. 3, 2023)

(Morgan, J.) and *Riley v. Sw. Bus. Corp.*, No. 06-4884, 2008 WL 4286631, at *3 (E.D.

La. Sept. 17, 2008) (Vance, J.)). Without a valid insurance claim, plaintiffs' claims for

violations of the duty to pay damages and the duty of good faith will be dismissed

pursuant to Rule 12(b)(6).

### c. Detrimental Reliance

Lastly, plaintiffs make a claim for detrimental reliance, declaring that

> [p]laintiff[s] relied to [their] detriment on assurances made by
> [defendants] that the payment of premiums to Lloyd's for the insurance
> [p]olicy number LBW718503 would entitle [them] to recover insurance
> proceeds for the damages related to the Church Sanctuary and Church
> Fellowship Hall, and other structural damages sustained by the Insured
> Properties.[18]

The policy referenced here is a different policy number than elsewhere in the

complaint.[19] And, in the rest of the complaint, plaintiffs refer only to a singular

policy—number CPS7315238.[20] Indeed, no documents attached to the state court

pleadings reference policy LBW718503.[21] Additionally, in the same sentence that this

second policy is referenced, plaintiffs refer to "payment of premiums to Lloyd's."[22]

There is no party to this litigation with the name Lloyd's, and this name appears

nowhere else in plaintiffs' complaint.[23]

---

[18] *Id.* at 8.

[19] *Id.* at 6.

[20] *See id.* (defining policy number CPS7315238 as "the Policy" in the complaint).

[21] *See generally* R. Doc. No. 1.

[22] R. Doc. No. 1-1, at 8.

[23] *Id.* at 5–9.

These facts lead the Court to conclude that the second policy referenced in plaintiffs' complaint is likely due to attorney error, and it does not represent a second insurance policy providing coverage in this case. However, whether plaintiffs intend to allege reliance on their commercial liability policy, a second policy, or other representations, plaintiffs have failed to plead facts with sufficient specificity.

Article 1967 of the Louisiana Civil Code states that "[a] party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying." "To recover for detrimental reliance, a plaintiff does not need to establish an enforceable contract as he would under a breach of contract claim." *Rogers v. Brooks*, 122 F. App'x 729, 732 (5th Cir. 2004). Instead, "the basis of detrimental reliance is 'the idea that a person should not harm another person by making promises that he will not keep.'" *Suire v. Lafayette City-Parish Consol. Gov't*, 907 So.2d 37, 59 (La., 2005).

"To establish detrimental reliance, a party must prove three elements by a preponderance of the evidence: (1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance." *Id.* Claims of detrimental reliance are not favored in Louisiana. *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 334 (5th Cir. 2007). Courts must therefore examine these claims "carefully and strictly." *Id.*

Here, plaintiffs do not plead facts with sufficient specificity to establish a plausible detrimental reliance claim. See *Dura Pharms., Inc.*, 544 U.S. at 346 (2005)

(stating that Rule 8(a)(2) requires that the complaint "provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests" (internal quotations omitted)). The complaint suggests only that defendants made representations that the insurance policy would allow plaintiffs to recover damages related to the property.[24] It does not allege that defendants promised to cover first-person property damage beyond the terms of plaintiffs' commercial general liability policy. Plaintiffs do not plead facts suggesting that they relied to their detriment. And they do not plead facts sufficient to plausibly suggest that such reliance was justified. Plaintiffs' claim for detrimental reliance will therefore be dismissed.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that defendants' motion to dismiss pursuant to Rule 12(b)(6) is **GRANTED**. Plaintiffs' claims against defendants are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, July 16, 2024.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[24] *Id.* at 8.